1
2
3
4          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
5                    AT TACOMA

6    REY ENRIQUE DIAZ DE ARMAS,                Case No. 2:25-cv-02250-RSL-TLF
7                        Petitioner,
                                               ORDER GRANTING
8        v.                                    PETITIONER'S ORDER TO SHOW
                                               CAUSE, SETTING BRIEFING
9    KRISTI NOEM, ET AL,                       SCHEDULE AND GIVING NOTICE
                                               OF RIGHT TO CONSENT
10                       Respondents.

11        Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus. Dkt. 1.

12        1. The Court retains the discretion to determine when an answer or response to a

13   § 2241 habeas petition is due. *See, e.g., Clutchette v. Rushen*, 770 F.2d 1469, 1474–75

14   (9th Cir. 1985) (pursuant to Habeas Corpus Rule 4, the federal court has discretion to

15   fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A

16   court considering a habeas corpus petition must "forthwith award the writ or issue an

17   order directing the respondent to show cause why the writ should not be granted." 28

18   U.S.C. § 2243 (emphasis added). The Court examines the allegations and

19   circumstances of each case in determining the due date of a response.

20        2. As to the claims asserted here, the Court finds there is a basis for ordering

21   respondents to file the record, and for the parties to submit their briefs on an expedited

22   schedule.

23
24
25   ORDER GRANTING PETITIONER'S ORDER TO
     SHOW CAUSE, SETTING BRIEFING SCHEDULE AND
     GIVING NOTICE OF RIGHT TO CONSENT - 1

Petitioner states he entered the United States on November 1, 2023 via a parole entry program created by the Department of Homeland Security under 8 U.S.C. § 1182(d)(5), specifically the Cuban Haitian Nicaraguan Venezuelan program. Dkt. 1 at 1,3. He asserts that he entered through Miami, Florida and was subsequently issued an I-94, indicating a Cuban Humanitarian Parole entry through the program. *Id*. at 4. Pending an application to adjust his status under the Cuban Refugee Adjustment Act, petitioner states his period of parole expired on June 12, 2025. *Id*. He alleges that on November 1, 2025, while driving in Portland, Petitioner and his cousin were intercepted and then detained by Immigration and Customers Enforcement ("ICE"). *Id*. at 5.

Petitioner states he is currently in ICE custody. *Id*. On November 3, 2025, Petitioner was charged as being removable. *Id*. On November 9, 2025, Petitioner was to be moved to an immigration detention facility in Louisiana, but allegedly was not flown to Louisiana because the plane he was to board had reached its capacity. *Id*. at 12. Petitioner argues his constitutional right to due process has been violated and seeks from the Court a writ of habeas corpus immediately releasing him from custody, and an order prohibiting Respondent from transferring Petitioner from the district without the Court's approval. *Id*. at 13.

Petitioner also requests an Order to Show Cause from the Court directing Respondents to show cause within three days why the writ of habeas corpus should not be granted. Dkt. 1. In light of petitioner's due process concerns, and the fact that habeas petitioners are entitled to a prompt ruling, the Court concludes that expedited briefing is merited.

ORDER GRANTING PETITIONER'S ORDER TO
SHOW CAUSE, SETTING BRIEFING SCHEDULE AND
GIVING NOTICE OF RIGHT TO CONSENT - 2

4. Accordingly, the Court ORDERS: Petitioner's request for an Order to Show Cause is granted. Respondents shall file the relevant records and a response to the habeas corpus petition by **November 17, 2025**. Any reply Petitioner wishes to file shall be due on **November 19, 2025**, and the Clerk shall note the matter for November 19, 2025, as ready for the Court's consideration.

To preserve the opportunity to determine whether the court has subject matter jurisdiction and, if so, to consider whether habeas relief is warranted, a court may issue an order to maintain the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906).

Accordingly, to allow Petitioner time to move for emergency relief in the event he is to be transferred or removed before this Court reviews his Petition, the Court ORDERS that Respondents must provide this Court, Petitioner, and Petitioner's counsel in this habeas corpus action, at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to move or transfer him from the Northwest Immigration and Customs Enforcement Processing Center or to remove him from the United States.

5. The Clerk is directed to serve the habeas petition, Dkt. 1, upon Respondents and shall immediately email a copy of this order to usawaw.habeas@usdoj.gov.

ORDER GRANTING PETITIONER'S ORDER TO
SHOW CAUSE, SETTING BRIEFING SCHEDULE AND
GIVING NOTICE OF RIGHT TO CONSENT - 3

6. The parties have a right to have the matter heard by a United States District Judge and may consent to the jurisdiction of a United States Magistrate Judge. 28 U.S.C. § 636 (c)(2), Fed. R. Civ. P. 73(b). Consent is voluntary. *Washington v. Kijakazi,* 72 F.4th 1029, 1036-1040 (9th Cir. 2023). The Magistrate Judge will have jurisdiction only if all parties consent. *Williams v. King,* 875 F.3d 500, 503-504 (9th Cir. 2017).

Counsel for the parties are directed to indicate whether they consent or decline consent **by no later than November 17, 2025,** by emailing Deputy Gayle Riekena at gayle_riekena@wawd.uscourts.gov.

If the parties unanimously consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If any party does not consent to the jurisdiction of the Magistrate Judge, the case will remain assigned to District Judge Robert S. Lasnik. *See* Western District of Washington Local Civil Rule 73. *See also* General Order 5-25.

Dated this 14th day of November, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITIONER'S ORDER TO
SHOW CAUSE, SETTING BRIEFING SCHEDULE AND
GIVING NOTICE OF RIGHT TO CONSENT - 4